SCHARILLO *v*. STATE OF INDIANA.

[No. 26,064.   Filed June 26, 1934.]

*Thomas A. Galasini* and *Wildermuth & Force,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Assistant Attorney-General for the State.

TREANOR, J.—Appellant was convicted upon an affidavit in two counts.   The first count charged the unlawful possession of intoxicating liquor and the second charged appellant with maintaining a common nuisance as defined in §2740, Burns Ann. Ind. St. 1926, Acts 1925,

ch. 48, p. 144, §24. The overruling of his motion for new trial is assigned as reversible error. The propositions presented thereunder on appeal are that the court erred in admitting certain exhibits in evidence and that the evidence is insufficient to sustain the verdict as to either count.

The exhibits objected to consisted of bills for soft drinks, for groceries and for coal, a receipt for attorney's fees and a radio payment book, all in appellant's name, which were found on the premises searched; also receipts for the delivery of carbonated drinks and supplies in the name of appellant, signed, according to his own testimony, by appellant.

Appellant contends that it was error "to admit these exhibits in evidence without other competent evidence to connect them with appellant." However, the record fails to disclose an objection to the exhibits upon any such ground and appellant can not now, for the first time, urge their inadmissibility upon that ground.

The exhibits were introduced as tending to establish a connection between appellant and the operation of the premises which consisted of a restaurant, soft drink establishment, and fruit market. Three bottles of home brew were found in the restaurant and a large quantity of alcohol and wine was found in a barn in the rear. A quantity of whiskey was found buried in the sand at the chicken house to which a path led from the rear door of the restaurant. A shovel stood just outside the rear door of the restaurant and the sand appeared to be wet and recently disturbed.

Appellant urges that the evidence is insufficient to sustain the verdict in that it does not connect appellant with the premises as owner or proprietor, except by inference, and that "there would have to be a still further inference drawn to the effect that

appellant also knew of or had a part in the unlawful part of the enterprise." Appellant calls attention to the rule that "guilt can only be based upon circumstantial evidence when the proven circumstances cannot be reconciled with any hypothesis of innocence." This rule, as well as the one to the effect that "every reasonable hypothesis of innocence must be excluded before an inference of guilt can be drawn from circumstances," also referred to by appellant, must govern the deliberation of a jury in determining the guilt of a defendant where only circumstantial evidence is considered (*Wrassman* v. *State* [1921], 191 Ind. 399, 132 N. E. 673, 674; *Gears* v. *State* [1932], 203 Ind. 380, 180 N. E. 585; *Pettit* v. *State* [1934], [Ind.], 188 N. E. 784) but the question for the reviewing court in such case, is whether or not there was evidence from which the jury reasonably might have drawn an inference of guilt. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341. In addition to the inference of proprietorship or interest in the restaurant which may have been drawn from the circumstance of the presence of the receipts, bills, and book at the premises, there was direct evidence given the jury that the appellant had undertaken to stand good for soft drinks and supplies furnished to the establishment; that he had been seen around the premises many times, that one of the officers had bought a melon of him on the premises; that he told one of the officers that he "owned the building;" that on the night of the search he tried to get away upon seeing the officers, and that after his arrest he told one of the officers to come up and see him and he would give him some money. The evidence was sufficient to support the verdict upon the first count.

Appellant insists that the verdict cannot be sustained as to count two of the affidavit which charged maintain-

ing a nuisance, because the only evidence of guilt under the count was the testimony as to the general reputation of the place, and "proof of reputation alone is not sufficient to sustain a conviction of maintaining a common nuisance." The testimony respecting reputation was that the premises in question bore the reputation of being a place "where intoxicating liquors were sold and kept for sale;" and "where people were permitted to resort for the purpose of drinking intoxicating liquors as a beverage." The cases cited by appellant support the proposition that where the only evidence tending to sustain a conviction consists of proof of reputation for maintaining a nuisance, a conviction can not be said to be sustained by sufficient evidence. But in the instant case the conviction on the second count is supported by more than proof of reputation alone. A large quantity of liquor was found and, as indicated by their verdict, the jury found that appellant was guilty of the possession of intoxicating liquor. The verdict was sustained by sufficient evidence, and appellant's motion for new trial was properly overruled.

Judgment affirmed.