SULLIVAN, ET AL. *v.* STATE OF INDIANA

[No. 27,332. Filed June 10, 1940.]

*William A. Connor*, of Columbus, for appellants.

*Omer S. Jackson*, Attorney General; *James K. Northam*, Deputy Attorney General; and *Ed. J. Morrison*, Prosecuting Attorney, of Columbus, for the State.

SHAKE, J.—The appellants were prosecuted on charges of automobile banditry, brought under § 10-4710, Burns' 1933, § 2573, Baldwin's 1934. By agreement, the causes were consolidated for purposes of trial. Both defendants were found guilty by a jury. They filed separate motions for a new trial, which were identical as to the causes assigned. New trials were denied, and they have joined in this appeal. The only errors assigned relate to the overruling of the motions for a new trial.

The appellants each assert that the verdicts are not sustained by sufficient evidence and are contrary to law, and that the trial court erred in refusing to direct a verdict for each defendant. We shall therefore review the state's evidence in chief.

On the evening of December 24, 1938, Henry Arnholt, a farmer living near Columbus, Indiana, went to church with his family. When he returned later in the night he discovered that a building near his home had been entered and that some 20 bushels of clover seed had been stolen therefrom. He observed strange tracks of a motor vehicle near his home and clover seed on the ground nearby. He notified the sheriff, and the tracks were followed to the state highway. An Indiana State Police official took photographs

of the imprint of the tracks near Arnholt's home. On the trial one of the police officials qualified as an expert and testified that a part of the imprints were made by Marathon and Speedway tires. It was established that prior to the robbery the appellants had purchased such tires and had them on a Chevrolet coach. On the early morning of January 5, 1939, the appellants appeared at the home of Wilburn Rodman, a brother-in-law to the appellant Orville Sullivan, at the Town of Spurgeon, Pike County, Indiana. They were driving the Chevrolet automobile and had a quantity of clover seed therein. Later in the morning Rodman accompanied the appellants to Mount Carmel, Illinois. On the way the appellants stopped and changed the license plates on their car, removing a Florida plate and substituting Indiana plates therefor. At Mount Carmel the appellants, using the aliases of "Raymond Burns" and "Freeman Burns," sold 836½ pounds of clover seed to the Baumgart Seed Store for $104. They stated to the proprietor that they were farmers engaged in buying and selling seeds, and that they lived near Vincennes, Indiana. They named Arnholt as one of the persons from whom they had purchased seed. While the appellants were at Mount Carmel their automobile failed to operate and they took it to a repair shop, where repairs were made for "Orville Sullivan." There was also evidence that during the threshing season of 1938 the appellant Dallas Sullivan worked for a threshing outfit in the community where Henry Arnholt resided, and that a number of farmers had clover hulled by said outfit. Thereafter, several of these farmers were robbed of clover seed, and the appellants, using said aliases, sold seed on a number of occasions to the Baumgart Seed Store at Mount Carmel. The sheriff of Bartholomew County testified that after the appellants

were apprehended, and while they were being taken in the sheriff's car to the State Police station at Seymour, Indiana, for questioning, they passed a shed on road 31, and that the appellant Orville Sullivan said to the sheriff that if the state policeman had looked in said shed at the right time he would have found more of the stolen seed. The sheriff also testified that when the appellant Orville Sullivan was questioned relative to the several checks that had been given to "Raymond Burns" and "Freeman Burns" by the Baumgart Seed Store for seed, "he said he would deny the checks, but he wouldn't deny stealing the seed."

The appellants contend that the verdicts are not sustained by the evidence because "the evidence introduced by the State was purely circumstantial, and such evidence did not exclude every reasonable hypothesis of innocence." We cannot agree with the appellants' contention that the evidence was wholly circumstantial, but if it were it would amply sustain the verdicts of guilty. *Osborn* v. *State* (1927), 199 Ind. 44, 154 N. E. 865; *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585.

Appellants also complain of the introduction in evidence over their objection of the state's exhibit number 1. This exhibit was a photograph of the tire tracks found at the scene of the crime. The objection to this evidence, made at the time of the offer, was that it did not show any intent on the part of the defendants to commit the crime charged and that it had not been established that the tracks disclosed by the picture were made by a motor vehicle used by the defendants in the commission of the crime. The objection was not well taken and it was properly overruled. The state was entitled to present to the jury the circumstances surrounding the offense and the presence of car tracks at the scene was one of these.

The photograph did not, of course, establish any criminal intent on the part of the defendants, nor did it alone prove that they operated the vehicle by means of which the loot was hauled away. There was, however, other evidence that supplied this proof.

The record does not disclose any reversible error, and the judgments are therefore affirmed.

NOTE.—Reported in 27 N. E. (2d) 760.