ROARK, HOLCOMB v. STATE OF INDIANA.

[No. 29,287. Filed December 8, 1955.]

*T. Ernest Maholm,* of Indianapolis, for appellants.
*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, J.—This is an appeal from a judgment convicting appellants of automobile banditry for which they were sentenced for a determinate period of ten (10) years.

Appellants have assigned error in their brief (1) upon the overruling of their motion for a consolidation of the three indictments, viz.: second degree burglary, entering with intent to commit a felony, and automobile banditry and, (2) upon the overruling of their motion for a new trial, contending the decision of the court was not sustained by sufficient evidence and was contrary to law.

As to their first assigned error, appellants concede that in the absence of statute in this state, it is within the sound discretion of the trial court to determine whether causes of action should be consolidated, and that such ruling is not ground for reversal unless the discretion was manifestly abused. See: *Trook* v. *Crouch* (1924), 82 Ind. App. 309, 312, 137 N. E. 773; *Atkinson* v. *Disher* (1912), 177 Ind. 665, 673, 98 N. E. 807.

We cannot presume the trial court abused its discretion in overruling the motion to consolidate, and appellants not having shown in what respect the court abused its discretion, we must conclude it did not do so. Accordingly, no error is established on the denial of the motion to consolidate.

Appellants' second assigned error, raised in their motion for a new trial, contends the decision of the court was not sustained by sufficient evidence, and was contrary to law. To determine this question this court will not weigh the evidence on appeal, but will examine the record to see if there is any evidence, or any reasonable inference therefrom, which may be drawn from the evidence, which will sustain the verdict of the jury or the decision of the trial court. *Todd* v. *State* (1951), 230 Ind. 85, 87, 101 N. E. 2d 922, 923.

The evidence most favorable to appellee (The State) shows that on June 14, 1954 appellants and one Edward Coronett were seated in a parked automobile when a

Mrs. Charles Weisenhan, who had been acquainted with them, approached them and requested a loan of five dollars ($5.00) in order that she might visit her husband in the hospital. Mrs. Weisenhan stated she would repay the loan the following evening if appellants would go out to her farm the next day and sack three bags of wheat and wait for her; that she and appellants would take the wheat to the mill and sell it and she would pay appellants back. She further said she would meet appellants at the farm, and they would find empty sacks on the back porch. Pursuant to said arrangement, appellants, with said Coronett, the following day drove the automobile belonging to the wife of one of the appellants, to said farm. The farm, it appears, was owned by Mrs. Weisenhan and her husband, and leased to Joseph and Bernard Dall, with lessors (Mrs. Weisenhan and her husband) retaining the right to occupy the farm residence, the yard and garden patch. Appellants drove past the barn in said automobile and parked in the driveway near the house. They knocked at the doors but no one responded. They sat down to wait for Mrs. Weisenhan and waited for some time, but as it was getting late in the evening, they went to the back porch and secured three empty bags and went out to the open barn, where, with Coronett, they filled three bags full of wheat. After the sacks were filled Coronett picked up one of them and started out the barn, when the lessee, Joseph Dall, hiding in ambush, and without any warning, fired a twelve gauge shotgun into the open door of the barn, critically injuring appellants. The said Joseph Dall made no investigation of the injuries he had caused, but drove to a neighbor's home and called the sheriff. The injured appellants managed to get to a village nearby and asked that the sheriff be called. Appellants told a state policeman they had been in the neighborhood looking for

Fes Roark, a brother of one of the appellants. Appellants told the sheriff they entered the barn to urinate. Appellants were taken to a hospital for treatment and convalescence, and two days after said alleged incident, were indicted with Coronett by a grand jury of: (1) second degree burglary; (2) entering with intent to commit a felony; (3) automobile banditry. Coronett was never apprehended, and appellants were tried and convicted by the court of automobile banditry, and sentenced to ten years' imprisonment.

It is a well settled general principle of law that a crime is not committed if the mind of the person doing the act is innocent (*actus non facit reum, nisi mens sit rea*). *Fritz* v. *State* (1912), 178 Ind. 463, 466, 99 N. E. 727; 22 C. J. S., Criminal Law, §29, p. 84; Bishop on Statutory Crimes 3d ed., §132, p. 140.

The indictment for automobile banditry in the case at bar, charged appellants with unlawfully and feloniously entering a barn ". . . with intent to commit a felony, to wit . . . feloniously to steal and carry away three sacks of wheat of the value of $12.00 . . . " The indictment further charged the appellants with having on the premises where said felony was committed, a Chevrolet automobile by the use of which they "feloniously intended to escape."

The record is completely devoid of any evidence or inferences indicating any criminal intent on the part of appellants to commit larceny of the bags of wheat, as was alleged. The evidence shows without dispute that appellants were invited to come to the farm by the owner (Mrs. Weisenhan), in order to obtain repayment of a loan of five dollars ($5.00) from the sale of wheat from the farm. There is no evidence appellants knew of the lessee Joseph Dall's interest in the wheat. The intent to steal property and a bona fide claim of

right to take it are incompatible. The taking of property of another under a good faith claim of title or right to possession, or under circumstances consistent with honest conduct, is not larceny, although the party charged with the crime might have been mistaken in his belief. 52 C. J. S., §§25 and 26.

The record is similarly silent as to whether appellants had, on said premises, where "said felony was committed," an automobile; by the use of which they *feloniously intended to escape.* In order for the automobile banditry statute to apply, it not only must be shown that a felony was committed or attempted, but some tangible showing must be made to supply the felonious intent to use. In each of the following cases, decided since the enactment of the automobile banditry statute in 1929, the motor vehicle was used to carry away the stolen property, thereby supplying the intent to use in those cases. *Mahoney* v. *State* (1932), 203 Ind. 421, 424, 180 N. E. 580; *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674; *Sullivan* v. *State* (1940), 217 Ind. 259, 27 N. E. 2d 760; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

In the present case no wheat was moved from the premises. The car was not used either to transport the wheat or in an escape. In fact, the wheat was not even loaded in the car. Only one sack left the barn. For all we know, the parties may have planned to transport the wheat in Mrs. Weisenhan's car. It was essential to a conviction in this case for the state to prove that appellants, at the time the alleged felony was committed, had on or near the premises an automobile which they intended to use, or did use, in an attempt to escape or in which they did escape. As Judge Bobbitt said in *Todd* v. *State, supra,* "The mere possibility that appellant may have had an automobile on or near the premises . . . for the purpose of escaping . . . will not

sustain an inference upon which such possibility can be established as a fact."

In view of the state of the record as above described, it is apparent that the conviction of appellants of automobile banditry is fatally defective, as it does not rest upon any evidence or reasonable inferences therefrom, and therefore, any finding of guilty must be predicated entirely upon suspicion, guess, and conjecture, and cannot be upheld.

The judgment of the lower court is therefore reversed, and, it appearing to the satisfaction of this court that no basis exists for a finding of guilty against appellants, and that no offense whatever has been committed by them, it is now ordered that appellants be discharged from custody. See: Acts 1905, ch. 169, §338, p. 584, being §9-2324, Burns' 1942 Repl.; *Brown* v. *State* (1906), 166 Ind. 85, 76 N. E. 881; *Sudlow* v. *State* (1921), 75 Ind. App. 292 ,130 N. E. 429.

So ordered.

Bobbitt, C. J., Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 130 N. E. 2d 326.