SINKS, TAYLOR *v.* STATE OF INDIANA.

[No. 29,278 and No. 29,279.   Filed April 13, 1956.
Rehearing dismissed June 5, 1956.]

*Ted B. Lewis,* of Indianapolis, for appellants.

*Edwin K. Steers*, Attorney General, *Lee LeMay, Owen S. Boling* and *John E. Hirschman*, Deputy Attorneys General, for appellee.

ACHOR, J.—This action arises out of an affidavit for robbery filed November 3, 1953. The alleged robbery was said to have been committed by Jesse Claude Sinks and Shirley Henry Taylor on November 2, 1953, against one Leslie Begley. It is alleged that said appellants took United States currency of the value of $85.00 from said Begley. Each appellant pleaded not guilty to the charge, appellant Sinks being tried by jury and appellant Taylor tried by the court. As a result of their separate trials each appellant was found guilty and sentenced to the Indiana State Prison for not less than 10 years nor more than 25 years.

Because the issues in both cases are identical they are considered concurrently.

The errors assigned are the overruling of the motions for new trials in which appellants asserted six different grounds in support thereof. Grounds 1 and 2 are that (1) the finding of the court and the verdict of the jury are not sustained by sufficient evidence, and (2) the finding of the court and the verdict of the jury are contrary to law. Grounds 3, 4, 5 and 6 are related to evidence which was admitted by the court over the objection of the appellants. However, no issue is presented as to these alleged errors by appellants' briefs because appellants have not set forth in their briefs the questions asked, objections made, or the answers given. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326, 327; *Ray* v. *State* (1954), 233 Ind. 495, 499, 120 N. E. 2d 176, 178, 121 N. E. 2d 732; 2 Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §1812, page 388. Neither have appellants in the argument portion of their briefs set out by

line and page of the record where the alleged ruling on admission of evidence may be found, nor have they supported their arguments by citation of authorities. See: *Stanley* v. *Gieseking* (1952), 230 Ind. 690, 105 N. E. 2d 171; *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265.

We therefore consider whether the evidence was sufficient to sustain the finding or verdict in the respective cases. A statement of the evidence favorable to the decisions follows. Begley had gone to town on the day in question to transact business. After attending to his business he went to Steve's Tavern on East Washington Street, arriving there around 2:00 o'clock in the afternoon. Begley did not know the appellant Sinks but sat down at the same table and ordered a beer for himself and also one for Sinks. From that time until about 6:30 in the evening they continued to drink beer together. As Begley would move from one table to another Sinks would follow him. About 6:30 Begley told appellant he was hungry and was going home. Sinks then asked Begley to go to a restaurant with him, which he consented to do. Sinks took him to the Tumble Down Shack on East Ohio Street, arriving there around 7:00 P.M. Begley had never been to this place previously. Appellant Taylor was there. Sinks and Taylor were old acquaintances. Sinks took Begley to a table where Taylor was sitting. While in the Tumble Down Shack, Begley drank four bottles of beer and each time he bought one for himself he also bought one for each appellant.

At the time Begley had $85.00 in his wallet and about $8.00 in loose change in his pocket. About 8:00 o'clock Begley got up to go home, and appellants got up too, and Sinks said: ". . . me and Taylor are staying up at the Tremont Hotel, you can get a room there, . . ."

then they went out the door and Sinks then said: "You can leave what money you got with the clerk at the (hotel) desk and it will be safe until you get sober tomorrow." Also, as they were leaving, Begley said to appellants: "You are not going to take my money?" to which they answered: "No, we wouldn't do a thing like that." As they left the tavern Taylor was ahead, with Begley and Sinks following. They had gone only a few steps when Taylor, without saying a word, turned around and struck Begley, knocking him down on the sidewalk and rendering him unconscious. At the time Taylor struck him, Sinks had his hand on Begley's shoulder.

About three minutes after the three left the tavern, the tavern owner looked out the window and saw Begley lying on the sidewalk. Between the time the three left the tavern and Begley was seen lying on the sidewalk, no one came through the front door of the tavern, and no one was seen going by the place where he was lying. Thereafter the police were called. They arrived in three to five minutes and found Begley in a semi-conscious condition with a severe cut around his mouth and his wallet missing. Appellants Taylor and Sinks were arrested about a half hour later at an all night restaurant on East Washington Street. As a result of a search, $27.35 was found on Sinks and $16.00 on Taylor. Both men at the time stated they had borrowed the money. In the presence of a police officer the next morning at the County Jail, Begley accused both Sinks and Taylor of striking him and robbing him, and each of them offered to repay Begley if he would not have them prosecuted.

Appellants contend that the evidence fails to prove either criminal intent in them to commit a robbery, or that the money was actually taken by them.

Admittedly, neither of these essential elements of the crime are proved by direct, positive evidence. However, it is not necessary that the fact be proved by such evidence. The rule is well settled that direct evidence of the fact of and the intent to commit a specific crime is not essential but may be inferred from circumstantial evidence. *Wilson* v. *State* (1931), 50 Okla. Crim. R. 310, 297 Pac. 826; *Schaffer* v. *State* (1930), 202 Ind. 318, 173 N. E. 229; *Beneks* v. *State* (1935), 208 Ind. 317, 196 N. E. 73; *Sullivan* v. *State* (1940), 217 Ind. 259, 27 N. E. 2d 760.

In this case the larceny was proved. It was also proved that the larceny was immediately preceded by an act of violence by appellants which rendered the victim unconscious. From the above facts the jury had a right to infer that when violence was so used by the appellants it was done with the specific intent to rob. We cannot say that such evidence favorable to the state and the reasonable inferences drawn therefrom are not sufficient to sustain the decisions in these cases.

The judgments are therefore affirmed.

Bobbitt, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 133 N. E. 2d 563.