MIMS, CHILDS, JR., WILSON AND ANDERSON, JR. *v.*
STATE OF INDIANA.

[No. 29,389. Filed March 18, 1957.]

*Mellon & Mellon,* of Bedford, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

LANDIS, J.—Appellants were charged in one affidavit with the crime of grand larceny, and in another affidavit with the crime of automobile banditry. By agreement the causes were tried together before a jury which returned verdicts of guilty on both charges. Appellants were each fined $25.00 and sentenced one to ten years on the grand larceny charge and were sentenced to a determinate period of ten years on the automobile banditry charge.

This appeal is from the judgments of conviction. Appellants have assigned as error the overruling of their motion for a new trial.

Appellants' first contention is that the larceny charged in the larceny affidavit is the same larceny as charged in the automobile banditry affidavit, and that judgment could not legally have been rendered in both cases as the larceny was necessarily included in the automobile banditry charge.

Appellants cite in support of their contentions the cases of: *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729, and *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273. The Steffler case, *supra,* held a charge of conspiracy to commit larceny under count one of an affidavit was a necessarily included offense under a charge of conspiracy to commit automobile banditry (charging the same larceny in count two of the affidavit), and that it was prejudicial error to enter judgment on the first count (larceny), although the sentences ran concurrently.

In the Carter case, *supra,* this court held that robbery was a lesser included offense under the charge of armed robbery, and that a defendant could properly only be sentenced and have judgment rendered against him for the greater offense, to-wit: armed robbery, when both charges under separate counts of the affidavit grew out of the same robbery.

See also: *Cross* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32, recently decided by this court to the same effect.

Appellee, however, argues that the crime of automobile banditry is separate and distinct from the other felony, forming a basis for the charge, citing *Mahoney* v. *State* (1932), 203 Ind. 421, 180 N. E. 580. It appears that such case held that larceny was not a lesser included offense under a charge of automobile banditry, basing such decision largely on a statute[1] since repealed,[2] providing in substance, that if any person is found guilty of certain offenses (including automobile banditry) he shall be found guilty of no lesser offense.

Since such statutory prohibition is no longer in existence, and a person charged with automobile banditry embodying the charge of larceny could ■ be found guilty of the lesser included offense of larceny, it necessarily follows that such person cannot properly be sentenced and have judgment rendered against him for more than the greater offense encompassed in the charge of automobile banditry, when both charges under separate affidavits grew out of the same larceny. The sentence and judgment on the charge of larceny should accordingly be set aside and vacated.

Appellants' second contention is that there is insufficient evidence in the record that appellants took the articles which were the subject of the larceny, that they had possession of them, or escaped in the automobile with them or threw them out along the sides of the highway.

The evidence favorable to appellee necessary for a consideration of these questions is as follows:

1. Acts 1929, ch. 54, §6, being Burns' Indiana Statutes (1929 Cum. Supp.), §2341.2.
2. Acts 1935, ch. 85, §1.

The four appellants left Louisville, Kentucky, on the morning of December 7, 1954, between 7:00 and 8:00 in the morning and drove to Paoli, Indiana, in a 1952 Pontiac two-tone green sedan driven by appellant Anderson; that on stopping at Paoli they parked on the west side of court house square and went into Mitchell's Jewelry Store located on east side of square; that the four men together entered the jewelry store for about five or ten minutes between 9:30 and 10:30 A.M. on said date; that while the four men were in the store the shopkeeper showed two of them back at the counter a bracelet and several watches, while the other two men stood at a display case near the front door of the store; that said display case was not locked but was opened by sliding the glass; that the four men left without buying anything, and less than five minutes after they left, the shopkeeper examined the display case and learned the ring case and twenty-one rings contained in it of the value of $476.75 were missing; that the rings were previously in the case in the store at 9:00 or 9:30 A.M. on that day.

The evidence further shows that within five minutes after leaving the jewelry store, appellants were seen traveling east on the road to Louisville in a two-tone Pontiac with Kentucky license. That shortly after 10:30 A.M. appellants were stopped in a two-tone Pontiac automobile at Floyd Knobs on Road 150 leading from Paoli to Louisville and were questioned by state police and placed under arrest. Appellants first denied knowing where Paoli was located, and stated they had not stopped at Paoli or any such town. Appellants were then transported back toward Paoli, and while en route were met by officers bringing the jewelry store shopkeeper who then identified appellants, and appellants then admitted being in her jewelry store that day. A search of appellants failed to uncover the missing rings, but

a search beginning somewhat after 2:00 P.M. on said date resulted in fifteen of the rings being found strewn on both sides of the highway over an area ranging from a few feet to five hundred feet just west of the point where appellants were arrested as they were proceeding east on Road 150. The rings thus found were identified as a portion of the same rings taken a few hours before from the jewelry store in Paoli, Indiana.

Appellants contend the evidence is insufficient to support the conviction as it is wholly circumstantial. Appellants, however, admit they were at the jewelry store as contended by appellee (The State), and they further admit after leaving the jewelry store they drove away in their car in an easterly direction, en route to Louisville, Kentucky, when they were flagged down by the police at Floyd Knobs where the stolen rings were later found strewn along the berm of the highway.

Exclusive possession of property shown to have been stolen, shortly after the larceny, unquestionably is a circumstance to be considered by the jury, and if proof is made that such larceny was recently committed and there is no evidence to explain the possession of the defendants, a larceny conviction based upon such evidence will be sustained on appeal. See: *Dedrick* v. *State* (1936), 210 Ind. 259, 278, 279, 2 N. E. 2d 409; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671. Here the stolen rings were found a few hours after they were stolen, many miles away from the place of the larceny, strewn along the highway in an area not to exceed five hundred feet, immediately west of the place where appellants' east-bound car was brought to a stop by the officers. While the rings were not in the actual possession of appellants when arrested on the open highway, yet when there is added to the circumstantial

case against appellants, their admission that they had just come from the site of the larceny which had been so recently committed, it is difficult to contemplate a state of facts giving rise to a more probable likelihood of guilt.

And if there was substantial evidence of a larceny from these facts and circumstances, there certainly was sufficient evidence to support the state's contention that the motor vehicle was used to carry away the stolen property, thereby supplying the intent to use for the purposes of an escape. See: *Roark, Holcomb* v. *State* (1955), 234 Ind. 615, 130 N. E. 2d 326, 328; *Mahoney* v. *State* (1932), 203 Ind. 421, 424, 180 N. E. 580; *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674; *Sullivan* v. *State* (1940), 217 Ind. 259, 27 N. E. 2d 760; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

The facts in the case of *Christen* v. *State* (1950), 228 Ind. 30, 39, 89 N. E. 2d 445, 448 relied on by appellant, were not comparable to those in the case at bar. However, as stated by this court in said case:

"So even if this court thought that there were two reasonable inferences arising from the circumstantial evidence in this case, one of guilt and the other of innocence, it would not be its duty or right to reverse simply because we might believe the circumstances do not exclude every hypothesis of innocence. *Wrassman* v. *State, supra; Lee* v. *State, supra; Gears* v. *State, supra; Scharillo* v. *State* (1934), 207 Ind. 22, 24, 191 N. E. 76; *Pettit* v. *State* (1935), 207 Ind. 478, 483, 188 N. E. 784; *Finch* v. *State* (1944), 222 Ind. 633, 638, 56 N. E. 2d 851; *Inman* v. *State* (1945), 223 Ind. 500, 504, 62 N. E. 2d 627. That was for the jury to say. It is the jury's function, not ours, to weigh conflicting evidence or uncontradicted evidence from which conflicting inferences may be drawn and determine whether every hypothesis of innocence is excluded. The only question before this court is whether or not there was [some substantial] evidence from

which the jury reasonably might have drawn an inference of guilt."

The judgment of the trial court on the affidavit charging larceny is reversed, and the judgment on the affidavit charging automobile banditry is affirmed.

Achor, C. J., and Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 878.