MAYS; ANDERSON v. STATE OF INDIANA.

[No. 29,378.   Filed June 27, 1957.   Rehearing denied September 11, 1957.   (Petition for writ of certiorari to U. S. Supreme Court denied January 10, 1958).]

Robert D. Symmes, of Indianapolis, for appellants.

' Edwin K. Steers, Attorney General, Owen S. Boling and Stanley B. Miller, Deputy Attorneys General, for appellee.

LANDIS, J.—Appellants were charged with automobile banditry and with being habitual criminals and were convicted after a trial by the court of automobile banditry and acquitted on the habitual criminal charges. They have taken a belated appeal to this court.

Under appellants' first assigned error that the court erred in overruling their several motions for new trial, appellants contend on this appeal that the evidence was insufficient to support their convictions of automobile banditry.

Appellants, in their brief, admit that the evidence most favorable to appellee, showed that appellants "went over an embankment in the back of the building [which was burglarized], travelled 20 or 30 feet, obtained a part of a crate, and then both appellants allegedly climbed through the broken pane of a window 24 inches square, cross the garage area, entered into an office, obtained tools from the garage, as well as a hand cart, and took from the office a safe that was anchored to the floor by an iron rod, put it on a cart, pushed it back into the garage area, and then both appellants went back out through the small pane of glass, back over the 20 or 30 feet up the embankment in a period of 20 or 30 minutes." The evidence then shows they ran about a block until they entered a parked car occupied by the co-defendant Freeman,

where they were closed in on by the police officers and arrested before they had driven more than ten feet away. Police officers testified they had seen appellants prior to the burglary park their car near the scene.

Appellants contend that it would be highly improbable or even physically impossible for appellants, who were over 30 years of age, to crawl through such a window, perform all the acts contended by appellee and return in such a short period of time as 20 to 30 minutes, and that proof beyond a reasonable doubt was not therefore shown.

There is no question but that much of the evidence in this case was circumstantial, but the evidence favorable to appellee, admitted by appellants, and heretofore set out, in our opinion, was sufficient to show the felonious breaking and entering of the premises with intent to commit larceny, as alleged in the affidavit. Its weight and sufficiency were a matter for the trier of the facts, and there is no logical basis for appellants' contention that appellants could not reasonably have entered a window two feet square and committed the entire burglary within a period of 20 to 30 minutes. The evidence that appellants thereafter ran to the automobile, occupied by the co-defendant Freeman, which they had parked near the scene prior to the burglary, and were in the process of driving off when closed in on by the officers, sufficiently shows their use of an automobile for the purpose of an escape after the commission of the felony. See: *Mims* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878; *Roark, Holcomb* v. *State* (1955), 234 Ind. 615, 130 N. E. 2d 326; *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674; *Sullivan* v. *State* (1940), 217 Ind. 259, 27 N. E. 2d 760; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

Appellants' next assigned error in substance is that the trial court erred in amending the affidavit during the trial to change the name of the place burglarized from "Cloverleaf Creamery, Inc." to "Cloverleaf Creameries, Inc." Appellants did not, however, assign this ruling of the court which occurred during the trial as a cause for a new trial in either of the two motions for a new trial, which were filed. As such ruling of the court at the trial was a proper cause to be assigned in the motion for a new trial, and does not present a question that may first be presented on appeal, it cannot be assigned as an independent error on this appeal, but must be presented for review by a motion for new trial, and the ruling on such motion should then be assigned in the assignment of errors. See: Ewbank's Indiana Criminal Law, Symmes Edition, Vol. 1, §547; F. W. & H. Ind. Trial and App. Pract., §2386, Comment 2; Lowe's Rev. of Works' Ind. Pract., Vol. 4, §70.73. This requirement that alleged errors properly raised in a motion for new trial should be timely raised by an aggrieved party in his motion for new trial, is a salutary rule of law for it gives the trial court an opportunity to correct its errors without compelling the trouble and expense of an appeal to the parties litigant, the accused or the state. Appellants' second independent assignment of error attacking the ruling of the court in amending the affidavit during the trial accordingly raises no question on this appeal.

Other questions discussed by appellants in their briefs have not been included in the assignment of errors or the motions for new trial and therefore no question as to them is before us for decision.

Finding no error, the judgment is affirmed.

Arterburn, C. J., and Achor, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 143 N. E. 2d 568.