GEORGE EDWARD HALL *v.* STATE OF INDIANA.

[No. 871S230. Filed July 21, 1972.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

DEBRULER, J.—The appellant was convicted by a jury in the Vanderburgh Superior Court the Honorable Morton W.

Newman, presiding, of theft of property of less than $100.00 in value, and automobile banditry. He was subsequently sentenced to one to five years on each count, the two sentences to run concurrently. On this appeal he raises four allegations of error in his trial, and requests this Court to grant him a new trial.

The appellant first alleges that the evidence against him on both charges was insufficient as a matter of law. We agree with the appellant that, as to his conviction for automobile banditry, the evidence was insufficient as a matter of law and therefore reverse that conviction. However, the evidence supporting the conviction for theft was sufficient and that conviction is affirmed.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

At the trial a service station attendant testified that while he was waiting on a customer, he went back into the office to get some change and saw two males inside looking up a number in the telephone book. The attendant got his change and went back outside to his customer, and when he walked back into the office he noticed that the two men had left and that money had been taken out of the cash register. He testified that he saw one of the men running off down the street while the other man walked away at a leisurely pace in another direction. The attendant called out to the man walking away and the man returned to the station for a short period, but slipped away unnoticed before the police arrived.

The police arrived on the scene shortly thereafter and while they were discussing the theft with the station attendant the appellant drove up in an automobile and stopped at a nearby intersection. The attendant pointed him out to the police as one of the men who had been in the office. Another station attendant testified that he had known the appellant for some time prior to the night in question and identified him as being present in the office just prior to the time that the money was found missing. Pursuant to the information received from the service station attendants, the officers drove after the appellant. One of the officers testified that:

"A. Well, when we went after him, he turned left onto Denby from Lincoln and that's when we put the red light on him and he went a half a block and turned right into the alley going east and we had the red light and siren on at the time and he crossed Bedford and Grand simultaneously and we were in pursuit and he hit a telephone pole off and hit a garage and kept on going and at Kentucky he pulled out and turned right on Kentucky. When we got to Kentucky, a semi-trailer truck stopped our path."

The officer testified that the vehicle was discovered some ten to fifteen minutes later in another alley. Two other officers who were converging on the scene apprehended the appellant a short distance away. He was placed under arrest at that time and searched, and the officer testified that he found over one hundred dollars in his pockets.

The evidence concerning the theft is sufficient to sustain the conviction. While there is no direct evidence as to which one of the two men in the service station actually took the money, events which transpired subsequent to the taking do provide adequate circumstantial evidence to support the conviction. The evidence indicates that whereas the appellant's companion walked away from the station and voluntarily returned for a short time before slipping away, the appellant fled on foot from the station. Later, when the appellant drove by the scene, he attempted to flee from the police as described

above. Furthermore, after wrecking the automobile he abandoned it and fled through several yards before he was captured. When captured he was found in possession of over one hundred dollars in currency. On this evidence the jury could reasonably infer that the appellant was guilty of the theft beyond a reasonable doubt.

However, we agree with the appellant that the evidence in this case was insufficient to support his conviction for automobile banditry, and therefore reverse the appellant's conviction for automobile banditry. The statute authorizing this conviction reads, in relevant portion, as follows:

> "If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile . . . by the use of which he or they escape, or attempt to escape or intend to escape . . . he, they and each of them shall be guilty of automobile banditry. . . ." I.C. 1971, 35-12-2-1, being Burns § 10-4710.

The evidence in this case indicates that one or both of two men in a service station office took money from the cash register and fled. The two men left in different directions, one walking and the other running. After the police had arrived on the scene, and while they were investigating the incident, the appellant, who had run away from the station, drove toward the station at a normal rate of speed and stopped at a stop sign. He looked over toward the station and was identified by the attendants as one of the men who had been in the station earlier. The police drove out to intercept him, and at that time, the appellant made a right turn and took off in a burst of speed. The chase described above followed and the appellant was apprehended a short time later.

In this case we think that the inference needed to sustain this conviction can only be based on conjecture, and, therefore, the conviction must be reversed. As Judge Landis stated in *Roark* v. *State* (1955), 234 Ind. 615, 130 N. E. 2d 326:

"It was essential to a conviction in this case for the state to prove that appellants, at the time the alleged felony was committed, had on or near the premises an automobile which they intended to use, or did use, in an attempt to escape or in which they did escape. As Judge Bobbitt said in *Todd* v. *State, supra,* 'The mere possibility that appellant may have had an automobile on or near the premises . . . for the purpose of escaping . . . will not sustain an inference upon which such possibility can be established as a fact.' " 234 Ind. at 620-621.

Where the appellant was seen running off on foot from a service station and later was identified when he drove up and stopped at the intersection near the station, it would be mere conjecture to infer that he had an automobile parked near the service station which, at the time he snatched the money from the cash register, he intended to use to make his escape. *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246; *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922. In cases in which convictions under this statute have been affirmed the evidence has indicated an intent to use the automobile to escape at the time the crime was committed. *Burnett* v. *State* (1970), 253 Ind. 520, 255 N. E. 2d 529; *Metz* v. *State* (1963), 244 Ind. 536, 194 N. E. 2d 617; *Lenovich* v. *State* (1958), 238 Ind. 359, 150 N. E. 2d 884; *McCoy* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190; *Barrick* v. *State* (1954), 233 Ind. 333, 119 N. E. 2d 550. In this case, no such evidence was introduced. Although not raised in this appeal, we note that only one sentence would have been proper in this case, since the theft charged is a lesser included offense of automobile banditry. *Hatfield; West* v. *State* (1961), 241 Ind. 225, 171 N. E. 2d 259; *Mims, et al.* v. *State* (1956), 236 Ind. 439, 140 N. E. 2d 878.

The appellant's second allegation of error concerns the admission of certain hearsay evidence which he argues was prejudicial to his case. The following colloquy contains the error complained of by the appellant:

"Q. And while you were talking, what, if anything, happened?

A. As I was standing on the lot talking to the two employees of the station, Mr. Feldman looked up and he said 'There. . . .'

MR. MONTGOMERY: To which I'm going to object as being hearsay. Anything said out of the presence of the defendant.

COURT: I'll sustain the objection.

Mr. Kiely:

Q. Did Mr. Feldman point anything out to you?

A. Yes, he did.

Q. And what did he point out to you?

MR. MONTGOMERY: To which I'm still going to object as being hearsay evidence.

COURT: I'll overrule the objection.

Witness:

A. He pointed out a vehicle with a colored subject behind the wheel.

Q. Where was this vehicle at this time?

A. It was on Evans headed North approaching the intersection at Lincoln Avenue.

Q. And what did this vehicle do after you observed it?

A. The man driving the vehicle looked directly at us, as Mr. Feldman said in his statement that was the subject . . .

MR. MONTGOMERY: I'm going to object and ask that that be stricken.

COURT: I'll sustain the objection and the testimony may be stricken."

The appellant argues that the trial court erred in allowing the police officer to answer the question "And what did he point out to you?" in the above colloquy. This question in our opinion does call for an inadmissible answer in that anything "pointed out" by the witness to the officer would be hearsay evidence and should have been excluded. However, in the context of this case, such an error is far from grave enough to require a reversal of this conviction. Mr. Feldman, the witness who supposedly pointed out the automobile to the officer in the above testimony testified at

the trial. He verified his role in the events as described by the officer and was cross examined as to the incident. Furthermore, he positively identified the appellant as the one who had run from the station. In this context, even if we assume arguendo that the hearsay evidence was erroneously received, the error is harmless in that it did not prejudice the appellant. *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850; IC 1971, 35-1-47-9, being Burns § 9-2320.

Thirdly, the appellant argues that the trial court erred in allowing the prosecutor to question a witness about whether or not the appellant was working at the time of the alleged incident, arguing that such a question put his character in issue even though he did not take the stand. We find no merit in this argument. The appellant was found with a large sum of money in his pocket and the question concerning his work status at that particular time had specific relevance to that sum of money. This question cannot be properly characterized as a general attack on the character of the appellant.

Lastly, the appellant raises as error the trial court's overruling of his motion for a mistrial based on allegedly improper remarks made by the prosecuting attorney in his final argument. During final argument, the prosecuting attorney made the following remarks which form the basis of the appellant's claim of error:

> "*MR. KIELY:* If this defendant aided, abetted, counseled, encouraged, hired, commanded, or otherwise procured this other Negro subject to take that money, then he is just as guilty as the other one. Now, I submit to you they both entered together, they both left together, and they didn't walk out. This defendant ran out. The other one was slower and he came back. So, it indicates, if anyone took the money, that this defendant did. But, even if he didn't, if he knew what was going on and assisted in it, then he is just as guilty as the other one. So when we take this whole situation and take the fact that why didn't the defendant bring in someone else to prove . . .
>
> *MR. MONTGOMERY:* Which I'm going to object. At this time I'm going to ask for a mistrial. The defendant does

not have to explain or anything. The burden of proof never shifts from the prosecutor.

*COURT:* I will overrule that objection. This does not effect the burden of proof. The Court will so instruct the jury."

The appellant argues that the remarks by the prosecuting attorney shifted the burden of proof to the appellant. We agree with the trial court that the comments made by the prosecuting attorney did not affect the burden of proof and find no merit in the appellant's argument.

The judgment of conviction for theft is affirmed. The judgment of conviction for automobile banditry is reversed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 758.