James S. CRANE, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1181A296.

Court of Appeals of Indiana,
Third District.

June 28, 1982.

Rehearing Denied Aug. 18, 1982.

---

Steve Lustina, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

James S. Crane was convicted by jury of confinement and robbery, both Class B felonies.[1] He received two concurrent six-year sentences. On appeal he raises the following issues:

(1) Did the trial court err by admitting the testimony of James Crane's podiatrist?

(2) Is the jury's verdict supported by sufficient evidence?

We affirm.

I.

Hearsay Testimony

The victim testified that the intruder walked normally without a limp. Crane's mother, wife and neighbor testified that he walked with a limp at the time of

---

1. Ind.Code 35–42–3–3 (1979) provides in part:

"Criminal confinement.—(a) A person who knowingly or intentionally:

"(1) Confines another person without his consent

\*    \*    \*    \*    \*    \*

commits criminal confinement, a class D felony. However, the offense is a class C felony if the child is not his child, and a class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person."

Ind.Code 35–42–5–1 (1977) provides:

"Robbery.—A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) By using or threatening the use of force on any person; or

"(2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

the robbery and confinement in February, 1980. In rebuttal, the State called Dr. Keith, Crane's podiatrist, who testified that Crane had fully recovered from foot surgery and no longer walked with a limp in February, 1980. Because Dr. Keith had no present recollection of Crane's visit to his office in February, 1980, he referred to an office note made as a routine matter by an office employee at his direction shortly after Crane's visit.

In Indiana, a written memorandum will qualify for the past recollection recorded exception to the hearsay rule if the memorandum: (1) was prepared by the witness or at his direction; (2) contains information of which the witness has personal knowledge; (3) was prepared while the information was fresh in the witness's mind; furthermore, it must be shown: (4) that the witness has no present memory of that information; (5) the witness testifies that the writing was true when made; (6) the witness uses the contents of the memo as the basis of his testimony. *Gee v. State* (1979), Ind., 389 N.E.2d 303, 309. Our review of the record shows that each of the above conditions was fulfilled substantially by the State. Because Dr. Keith was present for cross-examination, we fail to see how the admission of his testimony prejudiced Crane. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, 484–85. We conclude that the trial court acted properly by admitting the rebuttal testimony of Dr. Keith.

## II.

### Sufficiency of the Evidence

Crane challenges the sufficiency of the evidence in that the verdict is supported solely by the in-court identification of Crane by the victim and no further circumstantial evidence supports the verdict. We disagree.

 Our review of the record shows that the State introduced circumstantial evidence connecting Crane with the home invasion and robbery of the victim. Crane was apprehended two days after the incident when he tried to use a Sears credit card which had been taken during the home invasion. An in-court identification by the victim is sufficient to sustain a conviction. *Grimes v. State* (1980), Ind., 412 N.E.2d 75, 76. Possession of recently stolen goods is also circumstantial evidence upon which a guilty verdict may be based. *Goodpasture v. State* (1980), Ind., 402 N.E.2d 1239, 1244.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.