**Willie C. JACKSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 782S256.

Supreme Court of Indiana.

May 23, 1983.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Robbery, Ind.Code § 35–42–5–1 (Burns 1979), and sentenced to thirty (30) years imprisonment. On this direct appeal Defendant challenges the sufficiency of the evidence. At the outset, we note our standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The evidence most favorable to the State reveals that at about 9:10 p.m. on June 6, 1980, two black men robbed a Kroger Supermarket on the northside of Indianapolis. They fled with cash, food stamps, five personal checks made out to the Kroger Supermarket, and cash register tapes. In the exchange of gunfire during the escape, a sheriff's deputy killed one bandit and wounded the other in the left shoulder or upper left arm. The deputy, who was ten to fifteen feet from the suspect, described the wounded man as Black, 5' 10" or 6', 150 to 160 lbs., tall and slim, carrying an automatic pump shotgun.

A police officer subsequently notified the Louisville, Kentucky police of the incident, in response to information obtained from unidentified sources. A patient's aide at the University Hospital in Louisville testified that, in the early morning hours of June 7, 1980, Defendant, who fit the description of the escaped bandit, entered the hospital's emergency room. Another witness, the room nurse, estimated Defendant's time of arrival at midway through her shift, about 3 a.m. Other evidence established his time of arrival at 2:00 a.m., Indianapolis time, on that date.

From Defendant's person, the nurse recovered money, food stamps, and five checks made out to a Kroger Supermarket by Indianapolis residents, all of which she turned over to the hospital cashier. Subsequently, a police officer impounded these items. She added that Defendant had been wounded, by a bullet, in the left shoulder. Additionally, the drawers of three of the checks identified them as those they had drawn to the aforementioned Supermarket on June 6, 1980.

Defendant, when he entered the hospital, made no effort to conceal his true identity. He told the Louisville police that he had been shooting dice in a west side alley in Louisville with men whom he did not know and that he had won the money, food

stamps, tapes and checks in the game. He also testified that he had been shot by one of the players and lapsed into a semi-conscious state for two or three hours. He then recovered and, still in possession of his winnings, rode a bus to the hospital.

Defendant argues that as a matter of law, he was entitled to have the benefit of favorable inferences from the circumstances consistent with his explanation of how he came into possession of the Supermarket "loot" and how he happened to be shot. He cites his demeanor at the hospital and the asserted impossibility of traveling from the scene of the robbery in Indianapolis to the hospital in Louisville in the elapsed time.

■ The circumstantial evidence above related was sufficient to meet the criteria set forth in *Reynolds v. State,* (1970) 254 Ind. 478, 482–83, 260 N.E.2d 793, 795 in that a reasonable man could conclude therefrom, beyond a reasonable doubt, that it excluded every reasonable hypothesis of Defendant's innocence.

"When the sufficiency of circumstantial evidence is questioned on appeal, this Court must examine the evidence carefully, not to determine whether every reasonable hypothesis of innocence is overcome, but to determine whether an inference may be reasonably drawn tending to support the finding of the trier of fact." *Fletcher v. State,* (1976) 170 Ind.App. 263, 272, 352 N.E.2d 517, 523. (citations omitted).

■ The jury was not required to credit Defendant's testimony, simply because he identified himself correctly and did not act furtively at the hospital; and it is immaterial, under the circumstances of this case, that he had concealed his identity, at the scene of the crime, thus rendering eye-witness identification impossible.

■ Further, the record clearly shows, contrary to his argument, that the time elapsed between the criminal event and Defendant's appearance at the hospital was ample to have permitted him to drive from Indianapolis to Louisville. This circumstance, his possession of specifically identified property recently stolen in the robbery, and his having a gunshot wound in the same area of the anatomy where the deputy had wounded the fleeing bandit were sufficient to allow the jury to find, beyond a reasonable doubt, that Defendant was one of the bandits. *Williams v. State,* (1982) Ind., 431 N.E.2d 793, 795. *See Jordan v. State,* (1982) Ind., 432 N.E.2d 9, 11–12; *Sullivan v. State,* (1940) 217 Ind. 259, 27 N.E.2d 760; *Crane v. State,* (1982) Ind.App., 436 N.E.2d 895, 897.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.