Pyle, Judge, dissenting.
*813 [10] I respectfully dissent from my colleagues' opinion finding that there is sufficient evidence to support Joseph's conviction for criminal recklessness. In order to support a conviction, the State is required to prove that a defendant not only committed an act (actus reus ) constituting the crime, but that the defendant intended (mens rea ) to do so. Metzler v. State , 540 N.E.2d 606 (Ind. 1989). It is also well settled that "a crime is not committed if the mind of the person doing the act is innocent, ...." Roark v. State , 234 Ind. 615, 130 N.E.2d 326 (1955). In addition, negligence is not a crime in Indiana. Moore v. State , 845 N.E.2d 225 (Ind. Ct. App. 2006), trans. denied .
[11] The facts of this case, as outlined by my colleagues, show that Joseph may have disregarded the proper procedures for unloading, clearing, and disassembling a firearm. However, the record falls short of proving beyond a reasonable doubt that this conduct was "reckless." As a result, there is insufficient proof that he engaged in "conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IND. CODE § 35-41-2-2(c) (emphasis added). While a serious injury did occur, that cannot be the sole basis for deciding whether to file criminal charges. To hold otherwise would mean that every Hoosier who improperly unloads a firearm which then results in a negligent discharge, is subject to felony criminal liability. I do not believe this to be so. There may indeed be cases that support such a charge, but, in this case, the remedy is found in our civil law.
Order
[1] Appellant, by counsel, filed a Motion to Publish Memorandum Decision.
[2] Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant's Motion to Publish Memorandum Decision is granted.
2. This Court's opinion heretofore handed down in this cause on May 2, 2019, marked Memorandum Decision, is now ordered published.
3. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
[3] Ordered 6/21/2019.
[4] Riley, Bailey, Pyle, JJ., concur.