Charles BROWN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0604–CR–317.

Court of Appeals of Indiana.

Jan. 17, 2007.

Jill M. Acklin, Westfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Charles Brown appeals his conviction of attempted obstruction of justice. He argues the evidence against him was insufficient to establish his statements amounted to coercion. Because Brown's statements were not declarations of consequences that would follow for failure to comply with his request, we reverse.

## FACTS AND PROCEDURAL HISTORY

Brown was arrested and charged with battery against his fiancée, Danika Edwards. While incarcerated on November 24, 2005, Brown made telephone calls to Edwards. During one conversation, Brown and Edwards discussed Brown's pending charge. Brown asked Edwards to testify on Brown's behalf, to tell the State she called the police out of anger, to tell the State that she is not scared of Brown, and to tell the State Brown did not commit battery against her. He also asked her not to testify for the State, not to participate in any depositions, and not to come to the trial. Brown also told Edwards he did not want to be away from his son, he would not argue with her when he re- turned home, and he would perform sexual acts.

Brown was charged with four counts of attempted obstruction of justice, all Class D felonies. He was found guilty of one count of attempted obstruction of justice based on the November 24th telephone call. The trial court found him not guilty of the other three counts because they were all based on the same telephone conversation, and, thus, they were not separate acts.

## DISCUSSION AND DECISION

When we review the sufficiency of the evidence, we will not reweigh the evidence. *McManus v. State,* 433 N.E.2d 775, 779 (Ind.1982). Rather, we consider the evidence and all reasonable and logical inferences that may be drawn in the light most favorable to the judgment. *Id.* We will reverse only if we find no substantial evidence of probative value to support the trial court's judgment. *Id.*

Brown argues the State did not prove all the elements of the crime charged. Brown was charged under Indiana Code § 35–44–3–4(a):

A person who:

(1) knowingly or intentionally induces, by threat, coercion, or false statement, a witness or informant in an official proceeding or investigation to:

   (A) withhold or unreasonably delay in producing any testimony, information, document, or thing;

   (B) avoid legal process summoning him to testify or supply evidence; or

   (C) absent himself from a preceding or investigation to which he has been legally summoned;

commits obstruction of justice, a Class D felony.

Both parties agree Brown intended to induce a witness in an official proceeding

to withhold testimony. However, Brown argues the State failed to prove he used "threat, coercion, or false statement" to induce Edwards to withhold her testimony.

■ In the context of obstruction of justice, coercion is defined as some form of pressure or influence exerted on the will or choice of another. *Sheppard v. State*, 484 N.E.2d 984, 988 (Ind.Ct.App.1985). Forms of pressure or influence include, but are not limited to, intimidation, physical force, threats, and harassment. *Id.* Whatever the form of pressure or influence, there should be a consequence for failure to comply; otherwise the statement is not coercive, but is merely a request. *Id.*

■ The State claims Brown promised Edwards a "problem free relationship," which the State characterizes as a declaration of consequences for Edwards' actions. The State cites the following conversation:

Male: That's all you got say Boo. And when I get out man, I promise you, you don't got to worry bout this * * * * no more cause I'm, it's the third time that mean, the third time....

Female: It's over the third time.

Male: Man, you already know man.

Female: I mean it don't matter what I say the third time.

Male: I know, it's over man, I swear to God it's over man. Even if you told them some bull* * * * the third time, they gon laugh at you and, you know how much the third time is, 20 do 10.

Female: Ah * * * *.

Male: Swear to God, that third time, you know that three strike law * * * *?

(Ex. at 97–98.)

Although Brown used the word "promise," he was not declaring a consequence for Edwards' compliance. Brown was merely stating his opinion their relationship would get better, because if he got into any future trouble with the law he would be incarcerated for an extended period of time. No statements indicate something would or would not happen to Edwards if she cooperated with the state or if she declined to testify on Brown's behalf. Therefore, the statements were only promises with no declaration of consequences for failure to comply. Without a declaration of a consequence for failure to comply, these statements cannot be coercive. *See Sheppard*, 484 N.E.2d at 988–89.

The State also asserts Brown intended to coerce Edwards by promising sexual acts. The statement Brown made was, "And if you, and if you do that baby form, from now out I don't know what I'll do, I'll just have to lick that * * * * * * every night. That's what I have to do that's what I have to do." (Ex. at 17.) This statement is a promise with a declaration of a consequence. Nonetheless, the standard for coercive behavior is a declaration of consequences that would follow for *failure* to comply. The statement Brown made was a declaration of what would happen if Edwards did comply. Because it had no indication of what would happen if she did not comply, the statement was not coercive. *See Sheppard*, 484 N.E.2d at 988–89.

## CONCLUSION

Brown did attempt to induce Edwards, but the inducement was not by threat, coercion, or false statement as required by Ind.Code § 35-44-3-4. Therefore, the evidence was not sufficient to support the trial court's judgment and we must reverse.

Reversed.

RILEY, J., and BAILEY, J., concur.