**Jeff HOWELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0903–CR–172.

Court of Appeals of Indiana.

Dec. 9, 2009.

Transfer Denied April 1, 2010.

Robert D. King, Jr., Indianapolis, IN, Attorney for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeff Howell appeals his conviction for Obstruction of Justice, as a Class D felony. Howell presents a single issue for review, namely, whether the evidence is sufficient to support his conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On April 30, 2008, Detective Darin Odier of the Indianapolis Metropolitan Police Department ("IMPD") was investigating

online solicitation in Yahoo! chat rooms. Detective Odier posed as a female minor using the screen name "indydiamond-girl08." Transcript 20. On May 1, Detective Odier's undercover account received an instant message from someone with the screen name "john_doe8238." *Id.* Via the Internet, the detective had a "lengthy chat" with "john_doe8238" and another chat with the same user on May 1. *Id.* Detective Odier subpoenaed Yahoo!'s records and, from those records, learned that the account of "john_doe8238" belonged to J. Howell or Jeff E. Howell of New Albany, Indiana.[1]

On June 30, 2008, Detective Odier executed a warrant at Howell's address, and Howell was arrested the same day. Following the arrest, Detective Odier interviewed Howell, who admitted that he had "chatted on Yahoo! using the screen name 'john_doe8238[.]'" Appellant's App. at 16. Howell also stated that, "to his knowledge, no one else had access to his password." *Id.* The State charged him with child solicitation, as a Class C felony, and his subsequent release from custody on bond was conditioned on his agreement not to use the Internet.

A few days following Howell's release on bond, Detective Odier began receiving online messages addressed to "indydiamond-girl08" from "john_doe8238." Detective Odier subpoenaed Internet records and learned that those online messages had been sent from an account registered to a woman in Great Falls, Montana.[2] Photographs of the woman's minor daughter, C.C., found on an Internet networking website matched photographs that had

been found posted on Howell's refrigerator when officers had executed the warrant at his home.

On November 21, Officer Odier interviewed C.C. by telephone. During the interview, C.C. stated that she knew Howell and had first "met" him online three to four years earlier. She stated that in May 2008 Howell had sent her a cell phone and that she had communicated with him via that phone during the summer of 2008. At some point after his arrest for child solicitation, Howell had given C.C. his screen name and password, asked her to send instant messages to indydiamondgirl08, and asked her to change his password to "something of his choosing." *Id.* at 18. C.C. also stated that "she only logged on as 'john_doe8238' at the direction of Howell and only on the days and times he told her." App. at 17. In particular, C.C. reported that, per Howell's instructions, she had logged on using his screen name on a date he requested, sent a message to indy-diamondgirl08, and stayed online until Howell had phoned her. "Howell told [C.C.] that this would help his pending criminal case by showing that someone else was using his screen name, it wasn't him." *Id.* at 17. Howell directed C.C. to send offline messages to indydiamond-girl08 on July 17, 20, 22, and 25 and August 4. On July 25, the message was sent at a time that Howell and Detective Odier were attending the same court hearing.

The State charged Howell with obstruction of justice, as a Class D felony, and false reporting, as a Class A misdemeanor. Following a bench trial, the court entered judgment convicting him of obstruction of

---

1. The record is devoid of the specific conduct that led to the State seeking a warrant or to the subsequent charge of child solicitation.

2. Each computer attached to the Internet has an internet protocol address, or IP. address,

which identifies its location to the Internet network. The records that Officer Odier subpoenaed from Yahoo! showed the IP. address of the computer that sent the online messages from "john_doe8238" to "indydiamond-girl08."

justice. The court sentenced Howell to one and one-half years executed, to run consecutive to the sentence imposed in the child solicitation case. Howell now appeals.

### DISCUSSION AND DECISION

■■■ Howell contends that the evidence is insufficient to support his conviction for obstruction of justice, as a Class D felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

Indiana Code Section 35–44–3–4(a)(4) defines obstruction of justice, as a Class D felony as "mak[ing], present[ing], or us[ing] a false record, document, or thing with intent that the record, document, or thing, material to the point in question, appear in evidence in an official proceeding or investigation to mislead a public servant[.]" Howell alleges that the State did not prove (1) the existence of a false record, document or thing or (2) his intent to mislead a public servant. We address each contention in turn.

#### *False Record, Document, or Thing*

■■ We first address Howell's contention that no false record, document or thing was involved in this case. In essence, Howell contends that, because the content of the messages contained no false information, the messages sent to "indydiamondgirl08" from "john_doe8238" were not false. We cannot agree.

The offline messages sent from "john_doe8238" to "indydiamondgirl08" contained inquiries to engage in conversation. The July 17 message states "hey i havent heard from you. how have you been?" Exh. 6. The July 20 message states "hey how r u." Exh. 7. The July 22 message provides "hey its ok how have you been." Exh. 8. Detective Odier answered that message through "indydiamondgirl08" with "good u[.]" *Id.* On July 25, the following exchange took place:

> john-doe8238: hey r u around
>
> indydiamondgirl08: im here now
>
> john_doe8238: hey r u around

Exh. 9. And on August 4, "john_doe8238" sent the following two messages: "hey havent spoken to u" and "whats been happening?" Exh. 10.

The content of these messages expresses mere inquiries into the receiver's well-being or requests to engage in further conversation. But analysis of the content of the messages does not end our review. The messages purport to come from "john_doe8238," and Officer Odier knew when he received these messages that that was a screen name created and used by Howell. Howell had not sent those messages. Instead, on Howell's instructions, C.C. had sent those messages to "indydiamondgirl08" using Howell's screen name.

Upon his arrest for child solicitation, Howell had told Detective Odier that he had no reason to believe that anyone else had the password to "john_doe8238." And on appeal, he concedes as "fact" that someone other than him, namely C.C, logged on and sent the messages in July and August 2008. Appellant's Brief at 15. But the messages sent from "john_doe8238" to "indydiamondgirl08" following Howell's arrest for child solicitation were false in that they had not been sent by Howell, the owner of

the "john_doe8238" screen name. We conclude that the messages sent by C.C. using Howell's screen name constitute false records, documents, or things.

### Intent to Mislead

■ Howell also argues that there is "no evidence that [he] intended to mislead a public official with a knowingly false record, document, or thing." *Id.* at 11. Specifically, he contends that he asked C.C. to send the messages "not to mislead, but to formulate a defense to his charge of child solicitation by showing that someone other than himself could have used his screen name." *Id.* at 12. Further, he points out that he "did not use any of the recorded online conversations between the detective and [C.C.]" at his child solicitation trial, nor did he ever deny having given his screen name and password to anyone or having asked C.C. to communicate with the detective using Howell's screen name. Thus, he argues, he did not commit the offense of obstruction of justice. We cannot agree.

Again, to prove an obstruction of justice, the State must show that Howell made, presented or used a false record, document or thing, material to the point in question, with the intent that the record, document, or thing appear in evidence in an official proceeding *or investigation* to mislead a public servant. Ind.Code § 35–44–3–4(a)(4). With regard only to the appearance of a false record in an official proceeding, the statute does not require that the false record, document, or thing be offered into evidence at trial. The statute is also satisfied if the record, document, or thing appears in an investigation. Here, Howell had been charged with child solicitation. He attempted to manufacture a defense to that charge by directing C.C. to

send messages using his screen name to the investigating officer's undercover screen name. As a result, Detective Odier was required to investigate the newly received messages from "john_doe8238." That investigation involved the Department of Homeland Security in another state. The messages sent by C.C. "appeared" in the investigation of the child solicitation case.[3]

Here, the evidence most favorable to the judgment of conviction shows that Howell, upon his arrest for child solicitation, told Detective Odier that he had no reason to believe that anyone else had the password to "john_doe8238." But, after he was charged with child solicitation, Howell asked C.C. to send several messages at particular dates and times to the detective's undercover screen name. Howell's assertion that he was merely attempting to establish a defense to the child solicitation charge is countered by two facts: (1) that he had initially denied any reason to believe that such had occurred, and (2) that he subsequently gave his password to someone to manufacture that defense. Howell's manufacture of the alleged defense to the child solicitation charge is exactly what made the conduct illegal.

■ "Because intent is a mental state, the trier of fact may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent." *White v. State,* 772 N.E.2d 408, 413 (Ind. 2002). And to the extent Howell is asking that we find he was merely demonstrating a defense in the child solicitation case, such is tantamount to a request that we reweigh the evidence, which we cannot do. *Jones,* 783 N.E.2d at 1139. The evidence

---

**3.** Howell does not argue and we express no opinion whether the obstruction of justice statute applies only to conduct committed be-fore being charged with an offense underlying the obstruction charge.

supports a reasonable inference that Howell intended the messages sent by C.C. to mislead a public servant.

Nevertheless, Howell cites *Moore v. State*, 845 N.E.2d 225 (Ind.Ct.App.2006), in support of his contention that there is insufficient evidence of his intent to mislead. In *Moore*, the State charged a child protection caseworker with obstruction of justice because in a home study she had stated that prospective adoptive parents had no criminal history and no prior contact with the Office of Family and Children ("OFC"). In fact, one of the prospective adoptive parents had one felony theft conviction and one misdemeanor conviction, and the couple had had "prior contact" with the OFC. *Id.* at 228. But on appeal, another panel of this court reversed the conviction on the ground that the prosecution had been brought after the statute of limitations had expired. *Id.*

In dictum, this court also observed in *Moore* that the evidence was insufficient to show intent to mislead. The caseworker was a "low-level" agency employee who merely followed agency policies regarding whether to list the prospective adoptive parent's particular criminal history on the home study. *Id.* at 228. And there was no evidence that the caseworker had actual knowledge of the prospective adoptive parents' prior contacts with the OFC. *Id.* at 228–29.

Our primary holding in *Moore* was based on the expiration of the statute of limitations. Such is inapposite to the present case. The dictum in *Moore* regarding the sufficiency of evidence to support the conviction does not constitute binding precedent. And, in any event, the facts in that case are clearly distinguishable from Howell's case. Here, Howell was not following orders from a employer. He attempted to fabricate a particular defense, which he had previously disclaimed, in an attempt to avoid a conviction for child solicitation. And he does not deny that his conduct in requesting C.C. to send emails using his screen name to the detective's undercover screen name was intended to have an impact on the investigation of his child solicitation case. Howell's reliance on *Moore* is without merit.

Affirmed.

KIRSCH, J., and BARNES, J., concur.