

**FILED**
Mar 19 2015, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny Gomillia,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 19, 2015<br><br>Court of Appeals Cause No.<br>49A02-1408-CR-572<br><br>Appeal from the Marion Superior<br>Court<br>Cause No. 49G16-1402-FD-9596<br><br>The Honorable Helen Marchal,<br>Judge |

**Barnes, Judge.**

# Case Summary

[1] Johnny Gomillia appeals his conviction for Class D felony attempted obstruction of justice. We reverse.

# Issue

[2] Gomillia raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

# Facts

[3] On February 23, 2014, Gomillia was incarcerated in the Marion County Jail. That day, using the PIN assigned to Gomillia, a man called Samantha Gaines, a witness in a domestic violence case against David Madriz, who was incarcerated in the same block of the Marion County Jail as Gomillia. The caller told Gaines that, if she did not want to come to court, she did not have to come to court. He said that Gaines should act like she is coming to court to testify against Madriz and then, on the day of trial, not show up to court. The caller told Gaines that, if she did not go to court, the charges would be dropped, and Madriz would be released.

[4] The State charged Gomillia with Class D felony attempted obstruction of justice. At the jury trial, Gomillia claimed that his PIN had been stolen and that he did not make the call. A jury found Gomillia guilty. He now appeals.

# Analysis

Gomillia argues that there is insufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

At the time Gomillia was charged, obstruction of justice was defined in relevant part as:

> (a) A person who:
>> (1) knowingly or intentionally induces, by threat, coercion, or false statement, a witness or informant in an official proceeding or investigation to:
>>> (A) withhold or unreasonably delay in producing any testimony, information, document, or thing;
>>
>> * * * * *
>
> commits obstruction of justice, a Class D felony.

Ind. Code 35-44.1-2-2(a)(1)(A) (2012). "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." I.C. § 35-41-5-1 (2012). The State alleged that Gomillia attempted to commit obstruction of justice by inducing Gaines to withhold testimony "by threat, coercion or false statement" "by calling Samantha Gains [sic] and telling

her not to come to court in the case involving David Madriz so that charges would be dropped." App. p. 17.

[8] Gomillia contends there is insufficient proof that the caller "was knowingly using false information to induce the witness not to go to trial . . . ."[1] Appellant's Br. p. 9. The State argues that it established Gomillia's statements were false through the testimony of Indianapolis Metropolitan Police Department Detective Tiffany Woods, who stated that a body attachment can be issued to secure a witness's presence in court and that, because there were other eyewitnesses, Madriz's trial could have proceeded without Gaines's testimony. Thus, we must determine whether the statute required the State to prove that Gomillia knew the statements were false, not just that they were in fact false.

[9] "Penal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused." *Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005). Although statutes should not be narrowed to exclude cases they would fairly cover, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning. Id. "We

---

[1] Gomillia cites *Sheppard v. State*, 484 N.E.2d 984, 987 (Ind. Ct. App. 1985), and *Brown v. State*, 859 N.E.2d 1269 (Ind. Ct. App. 2007), both of which involved inducement by coercion, not false statements, and are not instructive here. He also cites *Moore v. State*, 845 N.E.2d 225, 228 (Ind. Ct. App. 2006), which is not instructive because its sufficiency analysis was dicta and involved a different subsection of the obstruction of justice statute. *See Howell v. State*, 921 N.E.2d 503, 508 (Ind. Ct. App. 2009) ("The dictum in *Moore* regarding the sufficiency of evidence to support the conviction does not constitute binding precedent.").

seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice." *Id.*

[10] Pursuant to Indiana Code Section 35-41-2-2(d), "Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Accordingly, the State was required to prove that Gomillia knew the statements were false when he communicated them to Gaines and not just that the statements were in fact false.

[11] Here, there is no evidence that Gomillia knew the statements were false. In fact, Detective Woods testified it is a commonly held belief that the absence of a witness means the dismissal of a case. *See* Tr. p. 76. Without any evidence suggesting Gomillia knew the statements were false, there is insufficient evidence to establish that he knowingly or intentionally attempted to induce Gaines not to testify by false statement.

## Conclusion

[12] Because the State did not establish that Gomillia knew the statements were false when he made them, the State failed to prove the attempted obstruction of justice charge. We reverse.

[13] Reversed.

May, J., and Pyle, J., concur.