## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal
Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Robinson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 24, 2019

Court of Appeals Case No.
18A-CR-1409

Appeal from the Marion Superior
Court

The Honorable Angela Dow
Davis, Judge

Trial Court Cause No.
49G16-1711-F6-45055

**Barteau, Senior Judge.**

# Statement of the Case

[1] Christopher Robinson appeals his conviction of attempted obstruction of justice. We reverse.

# Issue

[2] Robinson presents one issue for our review, which we restate as: whether the State presented evidence sufficient to support his conviction.

# Facts and Procedural History

[3] Robinson was arrested and charged with domestic battery and battery resulting in bodily injury as a result of an incident that occurred between he and his wife, K.R., on September 28, 2017. While in jail, Robinson made numerous phone calls to K.R. Two of the phone calls and their content form the basis for the charges in the present case. The State charged Robinson with attempted obstruction of justice, a Level 6 felony,[1] and two counts of invasion of privacy as Class A misdemeanors.[2]

[4] At a bench trial on these charges, State's Exhibit 4, which contains recordings of Robinson's September 29 and October 3 calls to K.R., was admitted and played for the court. Prior to the playing of Exhibit 4, the court sustained a defense objection to K.R.'s statements in the phone calls and stated it would

---

[1] Ind. Code §§ 35-44.1-2-2(a)(1)(A) (2017), 35-41-5-1 (2014).

[2] Ind. Code § 35-46-1-15.1(a)(11) (2017).

only consider Robinson's statements from the conversations. Pertinent parts of Robinson's statements during the September 29 phone call are as follows:

What you gonna tell them?

They call you yet?

They gonna call you.

You tell the people I had access to guns? And I said I was gonna kill you? You trying to hurt me.

Just tell 'em you ain't afraid. I'd have been outta there Tuesday. I gotta sit here all weekend now. . . . You know I'm not gonna do s**t to you. Why you tryin' to hurt me, man? . . . Why you tryin' to punish me?

So why you want me sittin' in jail?

Quit bein' all dramatic, babe. . . . You're not afraid.

So you want me to be in jail, [K.R.]? Is that what you're sayin'? . . . If you don't want to be with me [inaudible] but don't have me in jail.

I'm not mad at all. [inaudible] I'm not mad . . . I'm mad because you talkin' bout you bein' afraid of me. What the f**k is that?

If you don't want to be botherin' with me, [K.R.], I understand that, but don't have me sittin' in jail. That's all I'm sayin'.

You do. You can come to court and say you're alright, or don't come to court at all.

They gonna call you, they gonna be callin' you within the next couple days, talkin' 'bout court. They gonna ask you, do you want me . . . don't have me sittin' in jail or I'll be sittin' in here forever. Just say you . . . just say . . . don't come. Whatever. Whatever.

Ex. Vol. 1, Ex. 4.

[5] During the October 3 call, Robinson made no statements regarding K.R. testifying or going to court. The short conversation consisted of Robinson stating he had been released from jail but that he could not come home because of a no contact order. He stated that K.R. needed to talk to the prosecutor's office to have the order vacated. *See id.* On cross examination, K.R. testified that Robinson never threatened her to keep her from going to court.

[6] The trial court found Robinson guilty as charged. At sentencing, the court vacated its judgment on both counts of invasion of privacy and sentenced Robinson on his attempted obstruction of justice conviction to 545 days, all suspended, consecutive to his sentence in the domestic battery case. He now appeals.

## Discussion and Decision

[7] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we

consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[8] The State charged that Robinson (1) on September 29, 2017 and October 3, 2017 (2) knowingly or intentionally (3) induced by threat, coercion, or false statement, (4) K.R., a witness in an official proceeding or investigation (5) to withhold or unreasonably delay in producing testimony, information, document, or thing (6) by engaging in conduct which constituted a substantial step toward commission of the offense. *See* Appellant's App. Vol. II, p. 16; *see also* Ind. Code §§ 35-44.1-2-2(a)(1)(A), 35-41-5-1. Robinson contends the State's evidence of coercion is insufficient to support his conviction.

[9] For purposes of the offense of obstruction of justice, the term "coercion" has been defined as some form of pressure or influence exerted on the will or choice of another. *Sheppard v. State*, 484 N.E.2d 984, 988 (Ind. Ct. App. 1985), *trans. denied* (1986). This pressure or influence may take many forms, including but not limited to harassment, physical force, intimidation and threats. *Id.* Absent any indication to the witness of the consequences for failing to comply with the defendant's instructions, the defendant's statements are not coercive but rather merely requests. *Id.* at 988-89.

[10]    Robinson relies on two cases from this Court to support his argument: *Sheppard* and *Brown v. State*, 859 N.E.2d 1269 (Ind. Ct. App. 2007), *trans. denied*. In the first case, Sheppard was arrested for a robbery. While in jail, he had at least two phone conversations with and wrote one letter to Jean Patton, an acquaintance of his and a witness to the robbery. In those communications, Sheppard told Patton where he would be standing in a lineup and not to pick him. Sheppard was charged with attempted obstruction of justice based on only one of the telephone conversations. At trial, the letter was introduced and neither the letter nor the charged phone call contained any threatening statements.

[11]    On appeal, we reiterated that our obstruction of justice statute required a threat, coercion, or false statement. In light of that, the panel determined that, absent any indication to Patton of a consequence that would result from her failure to obey Sheppard's instructions, his statements to her amounted to nothing more than requests. Thus, with no evidence of coercion, the Court reversed Sheppard's conviction of attempted obstruction of justice.

[12]    More recently in *Brown*, another panel of this Court also reversed a conviction of attempted obstruction of justice. There, Brown was arrested and charged with battery against his fiancée, Danika Edwards. While in jail, Brown made calls to Edwards. During one such call, Brown asked Edwards to testify on his behalf and not to testify for the State, to tell the State that she was not scared of him and that he did not commit battery against her, and not to come to trial. Brown was found guilty of attempted obstruction of justice based upon that

phone call. On appeal, this Court, citing *Sheppard*, determined that Brown's statements were not coercive because none of his statements indicated a consequence for Edwards' failure to comply.

[13] In response, the State ignores *Brown* and cites *McElfresh v. State*, 51 N.E.3d 103 (Ind. 2016). There, McElfresh wrote a letter to the mother of one of the victims in his child molestation case. The court determined that McElfresh's statements in the letter constituted an attempt to pressure and influence the mother to find out what he considered to be the truth about the allegations and a threatened consequence of criminal prosecution of the child for lying and participating in a conspiracy if she did not come forward with the truth. The court found there was sufficient evidence to sustain McElfresh's conviction of attempted obstruction of justice.

[14] The facts in the present case are almost identical to those in *Brown* and are distinguishable from those in *McElfresh*. Here, although there is no doubt that Robinson attempted to induce K.R. to withhold testimony, none of Robinson's statements explicitly or implicitly indicate any consequence to K.R. if she failed to comply. Thus, Robinson's statements amount only to requests that are not sufficient to constitute coercion.

## Conclusion

[15] For the reasons stated, we conclude the evidence was insufficient to support a conviction of attempted obstruction of justice. Accordingly, Robinson's conviction for attempted obstruction of justice must be reversed.

Reversed.

Baker, J., and Mathias, J., concur.