## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 02 2019, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna K. Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew William Joseph,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 2, 2019

Court of Appeals Case No.
18A-CR-2896

Appeal from the Decatur Circuit Court

The Honorable Timothy B. Day, Judge

Trial Court Cause No.
16C01-1608-F5-659

**Bailey, Judge.**

# Case Summary

Matthew William Joseph ("Joseph") appeals his conviction for Criminal Recklessness, as a Level 6 felony.[1]  He presents the sole issue of whether the evidence is sufficient to support his conviction.  We affirm.

# Facts and Procedural History

On March 7, 2016, Joseph removed his 9 millimeter Citadel 1911 handgun from his gun safe, with the intention of cleaning it and offering it for sale.  He removed the magazine and pointed the handgun away from a child that was present.  Joseph unsuccessfully attempted to remove a bushing at the tip of the barrel; he then pulled the slide back attempting to dislodge the bushing.  The handgun, which was pointed at a common wall between Joseph's bedroom and a neighbor's apartment, discharged.  The bullet struck Joseph's neighbor in the abdomen.  Joseph's hand was burned as the handgun exploded.

On July 30, 2018, Joseph was tried in a bench trial upon the charge of Criminal Recklessness, as a Level 6 felony, and he was found guilty as charged.  On November 19, 2018, the trial court sentenced Joseph to 540 days imprisonment, with 180 days to be executed and the balance suspended to supervised probation.  Joseph now appeals.

---

[1] Ind. Code § 35-42-2-2(b)(1)(a).

# Discussion and Decision

[4] Joseph contends the evidence is insufficient to support his conviction. More specifically, he claims that he did not act recklessly; rather, the shooting was a tragic accident.

[5] When reviewing the evidence in support of a conviction, we consider only the probative evidence and reasonable inferences most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 2007). The decision comes before us with a presumption of legitimacy, and we do not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses and we do not reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[6] The State alleged that Joseph committed Criminal Recklessness, and that the offense was elevated to a Level 6 felony because he was armed with a deadly weapon. "A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness." I.C. § 35-42-2-2(a). A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. I.C. § 35-41-2-2(c). Joseph points out that, in the context of reckless homicide by a vehicle driver, our Indiana Supreme Court has recognized that recklessness is something more

than "inadvertence, lack of attention, forgetfulness or thoughtlessness … or from an error of judgment." *State v. Boadi*, 905 N.E.2d 1069, 1071 (Ind. Ct. App. 2009) (citing *Beeman v. State*, 232 Ind. 683, 115 N.E.2d 919, 922 (1953)).

[7] The evidence and reasonable inferences to be drawn therefrom most favorable to the judgment are as follows. Joseph was not driving a vehicle, where he might be called upon to make rapid decisions; rather, he was engaged in a handgun cleaning process. He had knowledge that he was in proximity to a child and in likely proximity to other residents of the apartment complex. Joseph had determined that his handgun was defective, in that it did not reliably eject shells after firing. He had chosen to sell it for this reason. According to the State's firearms examiner, the weapon was otherwise functioning; more specifically, the thumb safety mechanism was not defective. There was testimony that a proper sequence for firearm handling would have involved engaging the safety, pointing in a safe direction, removing the magazine, racking the slide at least once, locking the slide back, and visually or physically (as with a rod or reflective material) inspecting the chamber. The State also presented testimony that Joseph's handgun would not have fired without a finger on the trigger.

[8] Joseph elected not to engage the thumb safety mechanism of his handgun or ascertain that the handgun was unloaded prior to pointing the weapon and moving the slide. After receiving information in hunting class that mechanical mechanisms could sometimes fail, Joseph had made a conscious decision not to rely upon using the thumb safety mechanism of his handgun. Instead, he relied

upon his belief that he had acted in accordance with his habit of unloading a handgun and then locking it in the safe. Despite the lack of precautions, he tried to dislodge a bushing on the handgun although other persons were nearby. There is sufficient evidence from which the fact-finder could conclude that Joseph engaged in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involved a substantial deviation from acceptable standards of conduct.

[9] Affirmed.


Riley, J., concurs.
Pyle, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew William Joseph, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 18A-CR-2896 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Pyle, Judge, dissenting.**

[10] I respectfully dissent from my colleagues' opinion finding that there is sufficient evidence to support Joseph's conviction for criminal recklessness. In order to support a conviction, the State is required to prove that a defendant not only committed an act (*actus reus*) constituting the crime, but that the defendant intended (*mens rea*) to do so. *Metzler v. State*, 540 N.E.2d 606 (Ind. 1989). It is also well settled that "a crime is not committed if the mind of the person doing the act is innocent, . . . ." *Roark v. State*, 130 N.E.2d 326 (Ind. 1955). In addition, negligence is not a crime in Indiana. *Moore v. State*, 845 N.E.2d 225 (Ind. Ct. App. 2006), *trans. denied*.

[11] The facts of this case, as outlined by my colleagues, show that Joseph may have disregarded the proper procedures for unloading, clearing, and disassembling a

firearm. However, the record falls short of proving beyond a reasonable doubt that this conduct was "reckless." As a result, there is insufficient proof that he engaged in "conduct in *plain, conscious, and unjustifiable* disregard of harm that might result *and* the disregard involves a substantial deviation from acceptable standards of conduct." IND. CODE § 35-41-2-2(c) (emphasis added). While a serious injury did occur, that cannot be the sole basis for deciding whether to file criminal charges. To hold otherwise would mean that every Hoosier who improperly unloads a firearm which then results in a negligent discharge, is subject to felony criminal liability. I do not believe this to be so. There may indeed be cases that support such a charge, but, in this case, the remedy is found in our civil law.